UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:16cr35/RV/CJK
 3:17cv27/RV/CJK

AURELIO CASTRO-GUZMAN

    Defendant
_____/

REPORT AND RECOMMENDATION

Defendant Aurelio Castro-Guzman filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence to which the Government responded. (ECF Nos. 31, 33). In its response the Government conceded that an evidentiary was necessary to resolve a factual dispute regarding Defendant's claim that counsel failed to file an appeal as requested. The court scheduled an evidentiary hearing and appointed counsel to represent Defendant. (ECF No. 34, 36). Attorney Ron Johnson filed a notice of appearance on March 28, 2017. (ECF No. 37). At the hearing, held on this date, the court recessed to allow Mr. Johnson and an interpreter ample time to meet with Defendant. After conferring with counsel, Defendant indicated that he wanted to withdraw his petition. It is the recommendation of the undersigned that Defendant's request be granted and the motion be dismissed.

Case Nos.: 3:16cr35/RV/CJK; 3:17cv27/RV/CJK

Defendant's § 2255 motion contains two grounds for relief. First, he claims that counsel was constitutionally ineffective because she failed to file an appeal, despite Defendant's specific request that she do so. (ECF No. 31 at 4). The basis for Defendant's desire for an appeal was his belief that his 20-month sentence exceeded the applicable guidelines range. This belief also provides the genesis for his second ground for relief -- that his Sixth Amendment rights were violated due to counsel's failure to object to the above-guidelines sentence.

Both the Presentence Investigation Report ("PSR") and the Statement of Reasons ("SOR") reflect that Defendant was actually sentenced below the 41-51 month guideline range applicable to him at the time of his sentencing. (*See* ECF Nos. 26, 29, 33). As noted in both the SOR and the PSR, *if* pending guidelines amendments were passed *and* Defendant had been sentenced after November 1, 2016, the applicable guidelines range would have provided for a sentence of 8 to 14 months imprisonment. (ECF No. 26, PSR ¶ 68; ECF No. 29 at 5). Counsel cited this proposed amendment in her request for a departure below the otherwise applicable guidelines range. (*See* ECF No. 25 at 2). The court sentenced Defendant to a term of 20 months imprisonment, which was one half of the lower end of the guideline range, and in doing so noted that its sentence "takes into account

the proposed advisory guideline range that would likely be applicable on November 1, 2016." (ECF No. 29 at 5).

At the hearing, the undersigned questioned Defendant on the record about his desire to withdraw his § 2255 motion. The court noted that the guidelines had since been amended, and that had Defendant been sentenced today his sentence might have been different. However, at the time, Defendant's sentence was below the applicable range, and his belief otherwise was mistaken. Defendant indicated, through his interpreter, that he now understood this, and he reiterated that he wanted to withdraw the § 2255 motion and serve his remaining time so he could return to Mexico to be with his family. Defendant also expressed his understanding that his lawyer, Jennifer Hart, had, in fact, provided effective assistance in connection with the sentencing. The court is satisfied that Defendant's decision to withdraw his motion, after conferring with counsel and engaging in colloquy with the court, is knowing and voluntary.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (ECF No. 31) be DISMISSED.

At Pensacola, Florida, this 20th day of April, 2017.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:16cr35/RV/CJK; 3:17cv27/RV/CJK